**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KEITH M. YACKO, ET AL. | |
| Plaintiffs, | CASE NO. 8:17-cv-03604-GJH |
| v. | |
| TIFFANY L. NOELS, ET AL. | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND FORECLOSURE ACTION**

Plaintiff Substitute Trustees, by Counsel, submit this Memorandum of Law in support of their Motion to Remand Foreclosure Action and state the following:

**I.     INTRODUCTION**

On June 14, 2006, Tiffany L. Noels and Darryl D. Noels ("Defendants") executed a Note ("Note") in the amount of $278,800.00 payable to the order of Nova Star Mortgage, Incorporated ("Nova Star"). Nova Star was identified in the Note as the "Lender". On June 14, 2006, the Defendants also executed a Deed of Trust ("Deed of Trust") in favor of Nova Star, with Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as a nominee for Lender, in the amount of $278,800.00, thereby securing the loan against the real property known as 1214 Iron Forge Road, District Heights, MD 20747 (the "Property"). On October 20, 2015, MERS, as nominee for Nova Star, executed an Assignment transferring the Deed of Trust to Deutsche Bank.

Thereafter, on February 10, 2016, in accordance with paragraph 22 of the Deed of Trust, a Deed of Appointment of Substitute Trustees, thereby appointing Robert E. Frazier, Gene Jung, Laura D. Harris, Thomas W. Hodge, Thomas J. Gartner, Robert M. Oliveri and Keith M. Yacko as substitute trustees with all the powers conferred by the Deed of Trust was filed among the land records of Prince George's County at Liber 37852 Folio 297.

As a consequence of the loan having fallen into default, the Substitute Trustees docketed a foreclosure action as to the Property on February 10, 2016, in the Circuit Court for Prince George's County, Maryland (Case No. CAEF16-04123) ("Circuit Court Case") [1] Keith M. Yacko, et al. v. Tiffany Noels, et al.  On July 12, 2016, Defendant, Tiffany Noels ("Ms. Noels" or "Defendant"), filed a Motion to Dismiss within the foreclosure case which was denied by the Court for multiple reasons including failure to state a valid defense or present a meritorious argument.

Once the Circuit Court ordered that the foreclosure case was to continue in due course, Ms. Noels filed a Chapter 7 bankruptcy case in the U.S. Bankruptcy Court for the District of Maryland (Case No. 16-25654) to forestall the sale of her home.  After she converted her bankruptcy to a case under Chapter 13 of the United States Bankruptcy Code, Deutsche Bank, through Shapiro and Brown, LLP, filed a Motion for Relief from the Automatic Stay on July 26, 2017 ("Motion for Relief").  Despite Ms. Noels' 60-page Opposition to the Motion for Relief, Deutsche Bank's Motion was Granted on August 24, 2017.  Defendant filed a Motion to Reconsider which was denied by the Bankruptcy Court on October 19, 2017. Defendant's bankruptcy case was dismissed by the Court on January 19, 2018 for failure to propose a feasible Chapter 13 Plan.

Ms. Noels filed a Complaint in this Court on November 1, 2017 (Case No. 8:17-cv-03218-GJH), along with a Notice of Removal for this instant case, in an attempt to merge the Circuit Court foreclosure case with her claims against Ocwen Loan Servicing, LLC, Deutsch Bank National Trust, Brock and Scott, PLLC, and Shapiro and Brown, LLP. She then opened this instant

---

[1] The Court may take judicial notice of records from other cases, and thereby may also consider such records without converting this Motion to Dismiss into a motion for summary judgment. *See Anderson v. FDIC*, 918 F.2d 1139, 1141, n.1 (4th Cir. 1990). Similarly, because court records are public record, are integral to the Complaint, and their authenticity has not been challenged, they can be attached hereto and considered by this Court without converting this Motion to Dismiss into a motion for summary judgment. *See Blankenship v. Manchin,* 471 F. 3d 523, 526 n.1 (4th Cir. 2006); *see also Witthon v. Federal Ins. Co.,* 164 Fed. App. 395 (4th Cir. 2006) (holding that state court filings are public records of which a federal court may take judicial notice when deciding a motion to dismiss).

case and filed an Amended Notice of Removal (Document No. 1). The Court issued a Standing Order Concerning Removal (Document No. 6) and in response, Defendant filed her Statement Regarding Removal (Document No. 9). Defendant's attempt to remove the Circuit Court case is both improper and untimely. Therefore, the Court should remand the foreclosure case back to the Circuit Court for Prince George's County, Maryland.

## II.  ARGUMENT

### A. Lack of Jurisdiction in this Court Over the Foreclosure Action

A civil action filed in state court may be removed to federal court if it is one over which the federal court has original jurisdiction.[2] The removing party must demonstrate proper jurisdiction and propriety of removal. *See Dixon v. Coburg Dairy, Inc.,* 369 F. 3d 811, 815 (4th Cir. 2004). A federal court should "construe removal statutes narrowly, with any doubts…resolved in favor of state court jurisdiction." *Barbour v. Int'l Union,* 640 F. 3d 599, 617 (4th Cir. 2011).

Federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.[3] "The presence or absence of federal-questions jurisdiction is governed by the well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "the existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and 'a defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case

---

[2] 28 U.S.C. § 1441(a).
[3] 28 U.S.C. § 1331.

'arises under' federal law." *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 207 (2004). Raising a federal question as a defense or counterclaim is not sufficient grounds for removal.[4]

In her Amended Notice of Removal, Defendant improperly claims that removal is appropriate due to the Court's federal jurisdiction. The state Circuit Court case concerns a foreclosure matter and no federal questions were presented on the face of the Complaint. Defendant further alleges that because her Complaint asserts violations of the Fair Debt Collections Practices Act, that this Court has proper jurisdiction over the Circuit Court foreclosure case. Defendant fails to realize that the jurisdiction of her Complaint is irrelevant to determining proper jurisdiction in this instant case. Plaintiffs' foreclosure Complaint alone must be examined to determine whether removal to this Honorable Court is appropriate. Defendant failed to establish that the foreclosure case presents questions of federal law. Consequently, this case should not be removed to the U.S. District Court on the basis of federal jurisdiction

Furthermore, Defendant improperly claims diversity jurisdiction. Under 28 U.S.C. §1332, in order to establish diversity jurisdiction, each party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. In the case at hand, both Defendant and Substitute Trustee, Gene Jung, are citizens of the State of Maryland, precluding the Defendant from arguing removal based on diversity jurisdiction. Defendant has failed to establish that this Court has jurisdiction over this instant case and therefore it must be remanded to the Circuit Court for Prince George's County.

**B.   Defendant's Removal Was Not Filed Timely**

28 U.S.C. § 1446(b) states in pertinent part:

---

[4] *Metro Ford Truck Sales, Inc. v. Ford Motor Company,* 145 F.3d 320, 326-27 (5th Cir.1998)

> The notice of removal a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In the case at hand, Defendant was served with the Foreclosure Complaint on February 13, 2016. *See* Affidavit of Service attached as **EXHIBIT A.** She did not file her notice of removal until November 1, 2017, almost two years later. In Defendant's Statement Concerning Removal, she answers the Court's request for "The date(s) on which each defendant was served with a copy of the summons and complaint" by explaining that Defendant did not receive notice of the foreclosure sale date until October 27, 2017. The date Defendant received notice of the pending foreclosure sale is irrelevant. No notice of removal was filed during the 30-day period after Defendant was served with the Circuit Court Summons and Complaint, on February 13, 2016, and therefore, Defendant's request was untimely and the case should be remanded to the Circuit Court for Prince George's County.

### III.   **CONCLUSION**

Defendant has failed to demonstrate that this Court has jurisdiction over the foreclosure case and did not file a timely notice of removal. Wherefore, for the reasons set forth herein, this Honorable Court should remand the foreclosure action back to the Circuit Court for Prince George's County.

Dated: January 24, 2018                    Respectfully Submitted,

/s/ Brennan Baxter Ferguson
Brennan Baxter Ferguson, Esq.
BROCK & SCOTT, PLLC
Bar No. 19682
7564 Standish Place, Suite 115
Rockville, MD 20850
(703)840-4260– Office
(240) 614-7825 – Fax

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 24, 2018, I caused the foregoing Memorandum to be electronically filed via the Court's ECF system. The foregoing document is available for viewing and downloading from the PACER system. Electronic notice of this filing was sent to all counsel of record:

Marie Lott Pharaoh, Esq.
16029 Dorset Road
Laurel, MD 20707
*Counsel for Defendant*

/s/Brennan Baxter Ferguson, Esq.
**Brennan Baxter Ferguson, Esq.**