# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Keith M. Yacko, et al., <br>     Substitute Trustees <br>     Plaintiffs, <br> v. <br><br> Tiffany L. Noels, et al., <br>     Defendants. | Case No. 8:17-cv-03604-GJH |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' MOTION TO REMAND

COMES NOW, the Substitute Trustees by the undersigned counsel and file their Motion to Strike the Defendant's Supplemental Response to Plaintiffs' Motion to Remand, and in support thereof state as follows:

Pursuant to the U.S. District Court of Maryland Local Rules 105.2(a), surreply memoranda are not permitted without receiving leave of court. Plaintiffs filed their Motion to Remand to State Court on January 24, 2018 (ECF No. 11). Defendant filed a Response on February 7, 2018 (ECF No. 12) to which Plaintiffs filed a Reply on February 14, 2018 (ECF. No. 13). Defendant filed her Supplemental Response (ECF No. 14) on February 28, 2018. Despite the caption, Defendant's Supplemental Response reads more closely to a surreply as she attempts to defend against arguments presented in Plaintiffs' Reply. Defendant failed to obtain leave from this Honorable Court before filing the same, pursuant to Local Rule 105.2(a). This matter has been fully briefed and Plaintiffs request that the Court strike Defendant's Supplemental Response for failure to comply with the Local Rules.

1

In the event that the Court construes Defendant's Supplemental Response as a true supplemental pleading, the Plaintiffs ask that it be stricken from the record for failure to seek leave to file the same. Federal Rule of Civil Procedure 15(d) states that upon motion, the Court may permit a party to serve supplemental pleadings to include information that was not available at the time of the original filing. Not only did the Defendant fail to seek such leave of this Court, but has failed to explain how the information was unavailable at the time of her original filing. Consequently, the Plaintiffs request that Defendant's Supplemental Response be stricken from the record.

In the event that this Court allows Defendant's Supplemental Response, it should be noted Defendant's Supplemental Response fails to provide a valid opposition to Plaintiffs' Motion to Remand. Defendant claims that removal to this Honorable Court is proper based on diversity jurisdiction. However, federal diversity jurisdiction is based upon "complete diversity". As discussed in Plaintiffs' Memorandum of Law in Support of their Motion to Remand, the parties in this case are not completely diverse. Both Defendant and Substitute Trustee, Gene Jung, are citizens of the State of Maryland. Consequently, Defendant is precluded from removing the case based on diversity jurisdiction. Therefore, Defendant has failed to establish that this Honorable Court has proper jurisdiction over this case.

Defendant further requests this Honorable Court to stay ratification of the foreclosure sale until a separate federal complaint (8:17-CV-03218-GJH) is resolved. Even if this Court had jurisdiction over the case at hand, the *Rooker-Feldman* Doctrine precludes Defendant from the relief she seeks. The Circuit Court for Prince Georges County has previously ruled on Defendant's Motion to Stay and Motion to Dismiss, ordering that the Substitute Trustees proceed with the foreclosure process in due course. Defendant is attempting to use the federal Court as an arena for

2

an appellate challenge to her state court denial of her motions. Defendant argues that the *Rooker-Feldman* Doctrine does not prevent this Court from hearing her federal and state claims set forth in her Amended Complaint, filed in a completely separate case from the one at hand (8:17-CV-03218-GJH). However, *this* case lacks complete diversity and is an attempt to appeal the decision of the state court in a state court action.

    Wherefore, the Plaintiffs respectfully request that this Honorable Court strike Defendant's Supplemental Response and remand this case to the Circuit Court of Prince George's County for further proceedings. In the alternative, the Substitute Trustee's request that Defendant's Motion for Declaratory Judgment and Injunctive Relief be denied as her argument is precluded under the *Rooker-Feldman* Doctrine.

Dated: March 14, 2018                                        Respectfully Submitted,

/s/ Brennan Baxter Ferguson, Esq.
Brennan Baxter Ferguson, Esq.
Bar No. 19682
Brock and Scott, PLLC
7564 Standish Place, Suite 115
Rockville, MD 20855
Telephone: (703) 840-4260
Brennan.Ferguson@brockandscott.com

*Counsel for Plaintiffs/Substitute Trustees*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on March 14, 2018, I caused the foregoing Motion to Strike to be electronically filed via the Court's ECF System.  The foregoing document is available for viewing and downloading from the PACER system.  Electronic notice of this filing was sent to all counsel of record:

Marie Lott Pharaoh, Esq.
16029 Dorset Road
Laurel, MD 20707

                   /s/ Brennan Baxter Ferguson, Esq.
                   Brennan Baxter Ferguson, Esq.