IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| KEITH M. YACKO, *et al.*, | * |
| Plaintiffs, | Case No.: GJH-17-3604 |
| v. | * |
| TIFFANY L. NOELS, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Keith M. Yacko, Robert E. Frazier, Thomas J. Gartner, Laura D. Harris, Robert M. Oliveri, Thomas W. Hodge, and Gene Jung (collectively, "Plaintiffs" or "Substitute Trustees"), brought a foreclosure action against Defendants Tiffany L. Noels and Darryl Noels ("Defendants") in the Circuit Court for Prince George's County, and Defendants removed the action to this Court. ECF No. 1. Presently pending before the Court is Plaintiffs' Motion to Remand. ECF No. 11. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion is granted.[1]

### I. BACKGROUND

On June 14, 2006, Defendants executed a note in the amount of $278,800 and Deed of Trust to Nova Star Mortgage, Incorporated ("Nova Star" or "Lender") against the real property known as 1214 Iron Forge Road, District Heights, Maryland 20747. ECF No. 2-1; 2-4. Mortgage Electronic Registration Systems, Inc., as nominee for Nova Star, executed an Assignment

---

[1] Because the Court does not have subject matter jurisdiction over this case, Plaintiffs' Motion to Strike Defendants' second opposition brief, ECF No. 15, and Defendants' Motion for Additional Briefing, ECF No. 16, are denied as moot.

1

transferring the Deed of Trust to Deutsche Bank, which was then transferred to the Substitute Trustees, granting Plaintiffs all powers conferred by the Deed of Trust. ECF Nos. 2-2; 2-5. On October 26, 2015, Substitute Trustees sent Defendants a Notice of Intent to Foreclose. ECF Nos. 2-6; 2-7. On February 10, 2016, Plaintiffs filed an Order to Docket a foreclosure proceeding ("Foreclosure Action"). ECF No. 2. After the Circuit Court denied Defendants' Motion to Dismiss the Foreclosure Action on July 25, 2016, ECF No. 5, Defendant T. Noels filed a Petition for Bankruptcy in the U.S. Bankruptcy Court for the District of Maryland, Case No. 16-25654-WIL, which temporarily stayed the Foreclosure Action.[2]

On November 1, 2017, Defendants filed an action in this Court against Ocwen Loan Servicing LLP, Shapiro & Brown LLP, Deutsche Bank National Trust, and Brock & Scott, LLC alleging violations of, *inter alia*, the Fair Debt Collection Act. *See Noels v. Ocwen Loan Servicing LLC et al.*, No. GJH-17-3218 (D. Md. Nov. 1, 2011) (hereinafter "Federal Action").[3] On the same day, Defendants attempted to remove the Foreclosure Action as a part of the filing of the Federal Action. Federal Action, ECF No. 2. The Clerk informed Defendants that the notice of removal was filed in error and that "[i]f your intention is to remove a case, the Notice of Removal must be filed in paper form with the Clerk's Office and a new civil case will be instituted." Federal Action, ECF No. 9. Thereafter, Defendants removed the Foreclosure Action to this Court on December 5, 2017, generating the civil case herein. ECF No. 1. On January 24, 2018, Plaintiffs filed a Motion to Remand to State Court. ECF No. 11. Defendants then filed a pleading that included both an Opposition to Plaintiffs' Motion to Remand and an Emergency Motion for Declaratory Judgment and Injunctive Relief. ECF No. 12. After Plaintiffs filed a Reply to Defendants pleading, Defendants filed a Supplemental Response to Plaintiffs' Motion

---

[2] On January 19, 2018, the Bankruptcy Court dismissed the case and lifted the automatic stay. No. 16-25654-WIL, (Bankr. D. Md.) (ECF No. 113).
[3] The Court will dismiss the Federal Action by separate Opinion and Order filed contemporaneously herewith.

to Remand, ECF No. 14, to which Plaintiffs move to strike as an improper surreply memoranda. ECF No.15. Finally, Defendants filed a request for a hearing and supplemental briefing on the validity of the underlying foreclosure. ECF No. 16.

## II. DISCUSSION

When removing an action to federal court, the removing party must demonstrate proper jurisdiction and propriety of removal. *See Dixon v. Coburg Dairy, Inc.*, 369 F. 3d 811, 815 (4th Cir. 2004). Defendants assert that removal is proper because the Court has both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under § 1331. ECF No. 1. Neither assertion is correct, and removal is not proper.

As a preliminary matter, Defendants' attempts to remove the Foreclosure Action were not timely. Pursuant to 28 U.S.C. § 1446(b), a defendant seeking to remove a civil action to federal court must file a notice of removal within 30 days after being served with the initial complaint. Defendants were served with initial pleadings in the Foreclosure Action on February 13, 2016. ECF No. 11-3. However, Defendants did not make their initial attempt to file a notice of removal until November 1, 2017. Therefore, Defendants notice of removal is untimely, and this alone provides the Court with a sufficient basis to remand the action to the Circuit Court.[4]

Even if the Foreclosure Action was timely removed, removal is not proper because the Court lacks jurisdiction to hear the case. First, Defendants have failed to establish that diversity jurisdiction exists. *See Tough Mudder, LLC v. Sengupta*, 614 F. App'x 643, 645 (4th Cir. 2015) ("For a court to have jurisdiction over an action pursuant to 28 U.S.C. § 1332(a), 'diversity must be complete such that the state of citizenship of each plaintiff must be different from that of each

---

[4] In Defendants' Statement Concerning Removal, Defendants state that they were served with notice of the date of the foreclosure sale on October 27, 2017 and that "[n]o issues are present in this case regarding the removal taking place more than thirty (30) days after any defendant was first served with a copy of the date of the foreclosure sale." ECF No. 9 ¶¶ 1, 3. The date Defendants were served with the date of the foreclosure sale has no bearing on the thirty-day removal requirement set forth in § 1446, which Defendants clearly failed to meet.

3

defendant.'" (citing *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014))). Defendants are Maryland residents and allege that Substitute Trustees are employees or agents of Brock & Scott PLLC, a North Carolina corporation, and not working in their individual capacities as attorneys. ECF No. 12-1 at 2.[5] But Defendants' allegation regarding Plaintiffs' citizenship is not correct. While Substitute Trustees are represented by Brock & Scott, and may in fact be employed by Brock & Scott, the Foreclosure Action was filed under the names of the individual Substitute Trustees. ECF No. 2. Further, the Substitution of Trustee filing appoints the Substitute Trustees in their individual capacities. ECF No. 2-5 at 2 ("the undersigned hereby substitutes [Substitute Trustees] under said Deed of Trust, any of whom may act independently, in the place and stead of the trustee(s) originally named therein").

In its Motion to Remand, Plaintiffs state that Substitute Trustee Jung is a citizen of the State of Maryland, ECF No. 11-1 at 4. Defendants failed to respond to this assertion or otherwise allege that complete diversity between Defendants and Substitute Trustees exists. *See Strawn v. AT&T Mobility, LLC*, 530 F. 3d 293, 296 (4th Cir. 2008) ("[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter."). Therefore, the Court does not have diversity jurisdiction over the Foreclosure Action.

Second, Plaintiffs' Foreclosure Action does not implicate a federal question—that is to say, it is not a civil action "arising under the Constitution, laws, or treaties of the United States." § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal

---

[5] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

4

question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Metro Ford Truck Sales, Inc. v. Ford Motor Company*, 145 F.3d 320, 326–27 (5th Cir. 1998) ("for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed . . . . It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim").[6] Nor does the existence of Defendants' Federal Action give this Court supplemental jurisdiction over the Foreclosure Action under 28 U.S.C. § 1367(a). *See Nadel v. Marino*, No. GJH-17-2136, 2017 WL 4776991, at *4 (D. Md. Oct. 20, 2017) ("the fact that [defendants] have a separate federal action pending against the Substitute Trustees does not give the Court supplemental jurisdiction over the Foreclosure Proceeding, which does not involve any federal claims."); *Fuese v. Broan-Nutone, LLC*, No. DKC-10-2174, 2010 WL 3446872 at *2 (D. Md. Aug. 31, 2010) (rejecting reliance on § 1367(a) for removal, reasoning that "Defendant stretches to concoct a rationale for removal jurisdiction past the breaking point").

Defendants' Opposition to Plaintiffs' Motion to Remand, ECF No. 12-1, and Supplemental Response, ECF No. 14, fails to respond to any of the arguments raised by Plaintiffs or explain why removal is proper. Instead, Defendants repeat the allegations set forth in the pending Federal Action, and asks the Court to find that the debt instrument at issue in the Foreclosure Action is invalid. Because the Court does not have subject matter jurisdiction over the instant Foreclosure Action, the Court will not consider the merits of Defendants' allegations herein.

---

[6] Regardless, Defendants have not indicated that they had even put forth a federal defense or counterclaim in the Foreclosure Action prior to removal.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, ECF No. 11, shall be granted. A separate Order follows.

Dated: July 30, 2018                                            /s/
                                                            GEORGE J. HAZEL
                                                            United States District Judge